**Pablo RENTERIA, Individually and d/b/a Renteria Van Tours, Appellant,**

v.

**Gerardo C. TREVINO, Appellee.**

No. 14–01–01106–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 6, 2002.

Harry C. Arthur, Houston, for appellants.

Sergio Adrian Trevino, Houston, for appellees.

Panel consists of Justices YATES, SEYMORE, and GUZMAN.

## OPINION

CHARLES W. SEYMORE, Justice.

This is an appeal from a post-answer default judgment. We find there was legally insufficient evidence of damages to sustain the judgment. Accordingly, we reverse.

### BACKGROUND

Appellee Gerardo C. Trevino filed a breach of contract—failure to pay rent—

claim against appellant Pablo Renteria, individually and doing business as Renteria Van Tours. Trevino alleged that he leased certain property to Renteria in exchange for $1,600.00 per month. Trevino and Renteria later agreed that Renteria would send the rent to the IRS in lieu of sending rent to Trevino.[1] Trevino further alleged that Renteria failed to pay rent to him or the IRS for fifteen months and failed to show proof he made such payments to the IRS. Trevino sought damages and attorney's fees. Renteria filed an answer but did not appear for trial.[2]

Following trial, the court granted Trevino's motion for default judgment and awarded Trevino, among other things, $17,600.00 in actual damages. Renteria appeals, raising four points of error.

### DISCUSSION

In his first point of error, which is dispositive of this appeal, Renteria complains that the trial court erred by granting a judgment against him and in favor of Trevino for $17,600.00 in actual damages because there was no evidence to support the finding that Renteria owed that sum. Although neither party[3] addressed it, we must determine from the outset whether Renteria preserved his legal insufficiency complaint.

 When appealing from a non-jury trial, an appellant is not required to preserve allegations of legal insufficiency. *O'Farrill Avila v. Gonzalez*, 974 S.W.2d 237, 248 (Tex.App.-San Antonio 1998, pet. denied) (op. on reh'g). Those claims may

---

1. Beginning in February 1999, Renteria was to forward his rent payments to the IRS, which had allegedly levied on Trevino's right to receive those payments from Renteria.

2. In his motion for new trial, but not in this appeal, Renteria argued that he did not receive notice of the trial setting. During the

trial, however, the court took notice that Trevino sent a copy of the notice of trial setting to Renteria in accordance with the governing rules.

3. Trevino did not file an appellee's brief.

be raised for the first time on appeal. *Id.; see* Tex.R.App. P. 52(d) [4] (providing preservation not required, after nonjury trial, for legal sufficiency claims) (replaced and modified by Texas Rule of Appellate Procedure 33.1); *Regan v. Lee,* 879 S.W.2d 133, 136 (Tex.App.-Houston [14th Dist.] 1994, no writ) (interpreting the amended Rule 52(d) and holding that challenges to legal sufficiency can be made for the first time on appeal from nonjury trials); Tex. R.App. P. 33.1 (comment) (stating former Texas Rule of Appellate Procedure 52 is embodied in Texas Rule of Civil Procedure 324 and that Rule 52(d) was omitted as unnecessary); Tex.R. Civ. P. 324(a)–(b) [5] (providing a point in a motion for new trial is a prerequisite to a complaint on appeal of insufficiency of the evidence only in a jury trial); *Owen v. Porter,* 796 S.W.2d 265, 268 (Tex.App.-San Antonio 1990, no writ).

■ This case was tried to the bench. Accordingly, even though Renteria did not address legal insufficiency in his motion for new trial, we may review sufficiency of the evidence supporting the trial court's finding that Trevino sustained damages of $17,600.00. *See O'Farrill,* 974 S.W.2d at 248.

■ In a post-answer default judgment case, judgment cannot be entered on the pleadings because the plaintiff must offer evidence and prove his case as in a judgment upon a trial. *Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979). A post-answer default judgment constitutes neither an abandonment of the defendant's answer or an implied confession of any issues. *Id.* The elements of a breach of contract action are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Frost Nat'l Bank v. Burge,* 29 S.W.3d 580, 593 (Tex. App.-Houston [14th Dist.] 2000, no pet.).

■ Because Renteria filed an answer, Trevino had the burden to prove each element of his breach of contract action. *See Walker v. Kleiman,* 896 S.W.2d 413, 415 (Tex.App.-Houston [1st Dist.] 1995, no writ). After a careful review of the record, we conclude that Trevino failed to prove that Renteria actually did not pay the IRS on his behalf. In other words, Trevino

---

**4.** Rule 52(d) was amended in 1990 to clarify appellate requisites from nonjury trials and provided as follows:

A party desiring to complain on appeal in a nonjury case that the evidence was legally or factually insufficient to support a finding of fact, that a finding of fact was established as a matter of law or was against the overwhelming weight of the evidence, or of the inadequacy or excessiveness of the damages found by the court shall not be required to comply with paragraph (a) of this rule.

Tex.R.App. P. 52(d) (Repealed).

**5.** Rule 324(a)–(b) provides the following:

(a) Motion for New Trial Not Required. A point in a motion for new trial is not a prerequisite to a complaint on appeal in either a jury or a nonjury case, except as provided in subdivision (b).

(b) *Motion for New Trial Required.* A point in a motion for new trial is a prerequisite to the following complaints on appeal:

(1) A complaint on which evidence must be heard such as one of jury misconduct or newly discovered evidence or failure to set aside a judgment by default;

(2) A complaint of factual insufficiency of the evidence to support a jury finding;

(3) A complaint that a jury finding is against the overwhelming weight of the evidence;

(4) A complaint of inadequacy or excessiveness of the damages found by the jury; or

(5) Incurable jury argument if not otherwise ruled on by the trial court.

failed to present any evidence of damages.[6] We, therefore, find that Trevino failed to present legally sufficient evidence to establish a breach of contract. *See Sutton v. Hisaw & Assocs. Gen. Contractors, Inc.,* 65 S.W.3d 281, 285 (Tex.App.-Dallas 2001, pet. denied).

Accordingly, we sustain Renteria's first point of error. We reverse the trial court's judgment and render judgment that Trevino take nothing on his breach of contract claim against Renteria.[7] This ruling renders our consideration of Renteria's remaining points of error unnecessary.

**6.** We also note that Trevino failed to offer a copy of the parties' contract into evidence. Trevino testified that he signed an agreement to lease a former used car lot to Renteria for three years at $1600.00 per month. Texas Business and Commerce Code section 26.01(b)(5) provides that a promise or agreement to lease real estate for a term longer than one year is unenforceable unless the promise or agreement, or a memorandum of it, is (1) in writing and (2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him. TEX. BUS. & COM.CODE ANN. § 26.01(a), (b)(5) (Vernon 1987).

**7.** Trevino argued for attorney's fees as a one-third contingency of the judgment amount. Our rendering a take-nothing judgment on Trevino's breach of contract claim necessarily invalidates the trial court's judgment for attorney's fees.