Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)


TEXAS DEPARTMENT OF PUBLIC )
 

SAFETY,
)
 No. 08-02-00353-CV

)


 Appellant,
)
 Appeal from

)
 

v.
)
 70th District Court

)


S.L.W.,
)
 of Ector County, Texas

)


 Appellee.
)
 (TC# A-113,238)


MEMORANDUM OPINION



 The Texas Department of Public Safety (DPS) appeals from a post-answer default judgment 
expunging S.L.W.'s criminal record. We reverse and render.

FACTUAL SUMMARY


 S.L.W. was arrested in 1972 and charged with possession of marihuana, a felony. She
entered a plea of guilty and received a three-year probated sentence. On November 12, 1973, after
S.L.W. had served one-third of her sentence, the trial court granted S.L.W.'s motion for early
termination. The court permitted S.L.W. to withdraw her guilty plea and dismissed the indictment
against her. The court released S.L.W. from the terms, penalties, and disabilities of her conviction. 

 Almost thirty years later, on April 18, 2002, S.L.W. filed a petition (1) to expunge her criminal
records relating to the 1972 arrest and conviction. The trial court set the motion for hearing on
May 20, 2002. DPS filed special exceptions, affirmative defenses, and an original answer on May 3,
2002. However, it did not appear at the May 20 hearing. S.L.W. introduced evidence in support of
her expungement motion, and at the conclusion of the hearing, the trial court granted the
expungement based on DPS's default.

 DPS timely filed a motion for new trial on June 21, 2002. (2) It argued that the petition showed
on its face that S.L.W. was not eligible for expunction as her pleadings alleged that she had been
placed on probation. DPS made the same argument at the hearing held on July 18, 2002. The trial
court did not immediately rule on the motion and it was later overruled by operation of law. 

 Prior to the hearing on the motion for new trial, DPS had filed a timely request for findings
of fact and conclusions of law and a notice of past due findings. The trial court did not file the
requested findings. DPS timely filed its notice of appeal. 

LEGAL SUFFICIENCY


 In Issue Two, DPS challenges the legal sufficiency of the evidence supporting the order of
expunction. DPS alleges that there is no evidence demonstrating that S.L.W. had not been convicted
of a felony during the five years preceding the date of the arrest. S.L.W. initially responds that DPS
failed to preserve its sufficiency complaint. Apparently conceding that she offered no testimony on
the subject, she also argues that the affidavit attached to her petition is adequate to prove the element.

Preservation of Error


 S.L.W. first argues that DPS was required to preserve its legal sufficiency complaint by
raising the issue in the trial court. When appealing from a non-jury trial, an appellant is not required
to preserve allegations of legal or factual insufficiency. Tex.R.App.P. 33.1(d); Tex.R.Civ.P. 324(a),
(b). (3)
 See also Renteria v. Trevino, 79 S.W.3d 240, 241 (Tex.App.--Houston [14th Dist.] 2002, no
pet.); O'Farrill Avila v. Gonzalez, 974 S.W.2d 237, 248 (Tex.App.--San Antonio 1998, pet. denied). 
Contrary to S.L.W.'s position, a legal sufficiency claim may be raised for the first time on appeal. 
Renteria, 79 S.W.3d at 241-42; O'Farrill, 974 S.W.2d at 248. Even though DPS did not raise this
legal sufficiency argument in its motion for new trial, we may review sufficiency of the evidence
supporting the challenged element. 

Standard of Review


 In a bench trial, factual and legal sufficiency challenges to the trial court's findings of fact
are reviewable under the same standards that are applied in reviewing evidence supporting a jury's
answer. Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994); Elias v. Mr. Yamaha, Inc., 33
S.W.3d 54, 62 (Tex.App.--El Paso 2000, no pet.). In considering a legal sufficiency or "no
evidence" point, we consider only the evidence which tends to support the fact findings and
disregard all evidence and inferences to the contrary. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex.
1965); El Paso County Hosp. Dist. v. Gilbert, 64 S.W.3d 200, 203 (Tex.App.--El Paso 2001, pet.
denied). If more than a scintilla of evidence exists to support the questioned finding, the "no
evidence" point fails. Garza, 395 S.W.2d at 823; Gilbert, 64 S.W.3d at 203.

Expunction of Criminal Records


 DPS contends that S.L.W. failed to prove by legally sufficient evidence that she had not been
convicted of a felony in the five years preceding the date of her original arrest. The parties do not
agree which version of Article 55.01 applies in this case.

 S.L.W.'s 1972 conviction pre-dated the expunction statute by five years. The Legislature
first enacted Chapter 55 of the Code of Criminal Procedure in 1977. Acts 1977, R.S., 65th Leg., ch.
747, § 1, 1977 Tex.Gen.Laws 1880. The original version of Article 55.01 provided:

 A person who has been arrested is entitled to have all records and files relating to the
arrest expunged if:


 (1) an indictment or information has not been presented against him
for an offense arising out of the transaction for which he was arrested;


 (2) he has been released and the charge, if any, has been dismissed;
and


 (3) he has not been convicted of a felony in the five years preceding
the date of the arrest.


 Chapter 55 has been amended several times since 1977. Some of the amendatory acts have
provided that the change in law applied only to arrests for offenses committed on or after the
effective date of the amendment. See e.g., Acts 1989, 71st Leg., R.S. ch. 803 § 5, 1989
Tex.Gen.Laws 3668; Acts 1999, 76th Leg., R.S., ch. 1236, § 5, 1999 Tex.Gen.Laws 4282. More
recently, however, the Legislature has applied the amendments retroactively. See Acts 2001, 77th
Leg., R.S., ch. 945, § 5, 2001 Tex.Gen.Laws 1898 (providing that changes in law apply to arrest
records and files created before, on, or after the effective date of the amendment); Acts 2001, 77th
Leg., R.S., ch. 1021, § 4, 2001 Tex.Gen.Laws 2237 (providing that changes in law apply to arrest
records and files created before, on, or after the effective date of the amendment). Article 55.01 has
since its inception required that the petitioner prove that she has not been convicted of a felony in
the five years preceding the date of the arrest. Therefore, regardless of which version of Article
55.01 applies in this case, S.L.W. was required to establish this element.

 S.L.W. did not produce any evidence at trial to show that she had not been convicted of a
felony in the five years preceding her 1972 arrest, but she argues that the affidavit attached to her
motion to expunge proves that she had no prior felony convictions. In the affidavit, S.L.W. states: 
"I had not been convicted of a felony in the five years preceding the date of the arrest or within the
29 years since." But she did not offer her affidavit into evidence at trial. Because this was a post-answer default judgment, as opposed to a no-answer default judgment, our sufficiency review cannot
include S.L.W.'s pleadings or her affidavit. In a post-answer default, judgment cannot be entered
on the pleadings because the plaintiff must offer evidence and prove her case as she would at a
contested trial on the merits. Renteria, 79 S.W.3d at 242, citing Stoner v. Thompson, 578 S.W.2d
679, 682 (Tex. 1979). Consequently, it cannot be said that the non-appearing party has admitted the
facts pled and the justice of the opponent's claim. See Stoner, 578 S.W.2d at 682. A post-answer
default constitutes neither an abandonment of the defendant's answer nor an implied confession of
any issues joined by the defendant's answer. Renteria, 79 S.W.3d at 242.

 Having failed to offer any proof that she had not been convicted of a felony in the five years
preceding the date of her 1972 arrest, the evidence is legally insufficient to support the expungement
order. Accordingly, Issue Two is sustained. (4) We reverse the trial court's order granting expunction
and render judgment denying expunction of all records related to S.L.W.'s 1972 possession of
marihuana conviction.



October 2, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.
1. The document is styled "Motion to Expunge Records" but Article 55.02 of the Code of Criminal Procedure
requires the filing of a verified petition. S.L.W.'s motion otherwise satisfies Article 55.02.
2. S.L.W. does not dispute that DPS's motion for new trial is considered timely filed by virtue of the "mail box"
rule. See Tex.R.Civ.P. 5.
3. Prior to the 1997 amendment to the Rules of Appellate Procedure, it was well settled that a party need not
preserve legal and factual sufficiency complaints in appeals from a bench trial. Former Rule of Appellate Procedure
52(d) specifically provided that a party desiring to raise legal or factual sufficiency complaints on appeal in a non-jury
case was not required to comply with Rule 52(a)'s general preservation requirement. This provision was not carried
forward into new Rule 33.1. The comment to the rule stated that former Rule 52(d), regarding motions for new trial, was
omitted as unnecessary and it referred the reader to Tex.R.Civ.P. 324(a) and (b). We held in Wyler Industrial Works,
Inc. v. Garcia, 999 S.W.2d 494, 504 (Tex.App.--El Paso 1999, no pet.) that Rule 33.1 requires preservation of
sufficiency complaints. Although Wyler involved a challenge to the legal sufficiency of the evidence to support the jury's
verdict, it implied that Rule 33.1 would also require preservation of sufficiency complaints in non-jury cases due to the
exclusion of former Rule 52(d) from Rule 33.1. By footnote, we urged the Supreme Court to clarify the rule in
subsequent amendments. Id. at 506 n.8. In 2002, the Supreme Court amended Rule 33.1 to reinstate former Rule 52(d). 
See Tex.R.App.P. 33.1(d)(effective January 1, 2003). DPS filed its motion for new trial prior to the effective date of
Rule 33.1(d), but its appeal was pending on the effective date of the rule. Because the amended rule is remedial in
nature, we will apply the rule retroactively. See Subaru of America, Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212,
219 (Tex. 2002); Ex parte Abell, 613 S.W.2d 255, 260 (Tex. 1981)(orig. proceeding).

4. It is unnecessary to address DPS's contention raised in Issue One regarding the trial court's failure to file
findings of fact and conclusions of law.