Affirmed and Opinion filed December 16, 2003









Affirmed and Opinion filed December 16, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00732-CV

____________

 

VALERIE A. SWANSON and KEITH T.
SWANSON,
Appellants

 

V.

 

WELLS FARGO HOME MORTGAGE f/k/a
NORWEST MORTGAGE, INC.,
Appellee

 



 

On Appeal from the 127th
Judicial District

Harris County, Texas

Trial Court Cause No. 00-07872

 



 

M E M O R A N D U M  
O P I N I O N

Valerie A. Swanson and Keith T. Swanson appeal the summary
judgment granted in favor of Wells Fargo Home Mortgage f/k/a Norwest Mortgage,
Inc. (ANorwest@) on their claim for breach of
contract.  We affirm.








On November 3, 1995, the Swansons
entered into a construction loan agreement with Norwest to finance the building
of a home by Woodcraft Classic Homes, Inc. 
Pursuant to the loan agreement, Norwest agreed to make periodic
disbursements to the builder subject to the receipt of a disbursement request
signed by both the Swansons and the builder.  Norwest disbursed funds to Woodcraft on
December 14, 1995, without having received a signed disbursement request.

On December 25, 1995, the Swansons
prepared a list of complaints regarding the construction of their home, which
they provided to Woodcraft.  While this
dispute was still pending between the Swansons and
Woodcraft, Norwest disbursed additional funds to Woodcraft on February 7, 1996,
March 15, 1996, and April 3, 1996, without having received signed disbursement
requests.

In April 1996, Mrs. Swanson alleges she discovered the
stucco on her house was improperly installed. 
Upon contacting the contractor, she learned, for the first time, that
Norwest had made payments to the contractors without her written approval.  Shortly thereafter, Norwest made two more
disbursements to Woodcraft on May 13, 1996 and May 23, 1996, without the
benefit of signed disbursement requests.

Although the alleged problems with the stucco had not been
corrected by the time of the closing on the permanent financing on August 27,
1996, the Swansons signed an affidavit of completion
for their home acknowledging that it had been completed as of August 22,
1996.  The Swansons
also signed a request for waiver of 10% retainage and
indemnity, permitting Norwest to pay the remainder of the construction loan
proceeds to Woodcraft.

On February 14, 2000, the Swansons
filed suit against Norwest for breach of the loan agreement, seeking damages
for the cost to correct the defects in the construction of their home as a
result of Norwest=s disbursement of funds to
Woodcraft without receiving written disbursement requests signed by the Swansons and Woodcraft.[1]








Norwest filed both a no-evidence summary judgment motion and
a traditional summary judgment motion on the Swansons= breach of contract claim on
the element of damages resulting from Norwest=s disbursements to
Woodcraft.  The trial court granted
summary judgment without specifying whether it was granting the no-evidence or
the traditional summary judgment motion. 
In two issues, the Swansons appeal the trial
court=s summary judgment under both
standards.[2]

To prevail on a motion for summary judgment, a defendant
must establish that no material fact issue exists and that it is entitled to
judgment as a matter of law.  Rhone‑Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222 (Tex.
1999).  Once the defendant establishes
that no genuine issue of material fact exists regarding an element of the
plaintiffs= claim, the plaintiffs must
present competent summary judgment evidence raising a fact issue on that
element.  Guest v. Cochran, 993
S.W.2d 397, 401 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  In conducting our review of the
summary judgment, we take as true all evidence favorable to the nonmovants, and make all reasonable inferences in the nonmovant=s favor.  KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  A defendant, as movant,
is entitled to summary judgment if it either disproves at least one essential
element of each of the plaintiffs= causes of action or
establishes all the elements of an affirmative defense.  American Tobacco Co. v. Grinnell, 951
S.W.2d 420, 425 (Tex. 1997).  








On review of a no‑evidence summary judgment, we
consider the evidence in the light most favorable to the nonmovants
and disregard all evidence and inferences to the contrary.  Blan v.
Ali, 7 S.W.3d 741, 747 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  A no‑evidence summary
judgment is properly granted if the respondent fails to bring forth more than a
scintilla of probative evidence to raise a genuine issue of material fact as to
an essential element of the respondent=s case.  Tex.
R. Civ.
P. 166a(I); Specialty Retailers, Inc., v. Fuqua, 29 S.W.3d 140, 146
(Tex. App.CHouston [14th Dist.] 2000, pet.
denied).  More than a scintilla of
evidence exists when the evidence rises to a level that would enable reasonable
and fair‑minded people to differ in their conclusions.  Isbell v. Ryan, 983 S.W.2d 335, 338
(Tex. App.CHouston [14th Dist.] 1998, no
pet.).  Although the nonmoving party is
not required to marshal its proof, it must present evidence that raises a
genuine fact issue on the challenged elements. 
Baty v. ProTech
Ins. Co., 63 S.W.3d 841, 847 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied).

To prevail on a claim for breach of contract, the plaintiff
must establish the following elements: 
(1) the existence of a valid contract; (2) performance or tendered
performance by the plaintiff; (3) breach of the contract by the defendant; and
(4) damages sustained by the plaintiff as a result of the breach.  Renteria
v. Trevino, 79 S.W.3d 240, 242 (Tex. App.CHouston [14th Dist.] 2002, no
pet.).  Norwest moved for summary
judgment on the last element, i.e., its conduct did not cause the Swansons= damages.  

To recover compensatory damages, the plaintiff must prove
that he suffered some pecuniary loss as a result of the breach.  Abraxas
Petroleum Corp. v. Hornburg, 20 S.W.3d 741, 758
(Tex. App.CEl Paso 2000, no pet.); Multi-Moto Corp. v. ITT Commercial Fin. Corp., 806 S.W.2d
560, 569 (Tex. App.CDallas 1990, writ denied).  The evidence must demonstrate the damages are
the natural, probable, and foreseeable consequence of the defendant=s conduct.  Mead v. Johnson Group, Inc., 615
S.W.2d 685, 687 (Tex. 1981).  The right
to recover for the breach of a contract will be defeated if (1) no damage was
suffered by the complaining party despite the breach, or (2) if the damages
which he sustained did not result from the breach.  Braselton-Watson Builders, Inc. v. Burgess,
567 S.W.2d 24, 28 (Tex. Civ. App.CCorpus Christi 1978, pet. ref=d n.r.e.).  The absence of a causal connection between
the alleged breach and the damages sought will preclude recovery.  Prudential Sec., Inc. v. Haugland, 973 S.W.2d 394, 397 (Tex. App.CEl Paso 1998, pet.
denied).  

Without addressing whether it made disbursements without
approval, Norwest asserts the Swansons= damages, i.e., costs to
correct defective construction, were not the result of the unauthorized
disbursement of funds to Woodcraft.  The Swansons, however, claim that by not obtaining their
consent to disbursement requests, they did not have an Aopportunity to stop
construction to alleviate defects.@








  However, there is
nothing in the summary judgment record to indicate that damages of this nature
were ever contemplated or foreseen as a consequence of Norwest=s actions.  First, there is no provision in the
construction loan agreement that construction monies should be withheld to give
the Swansons Aleverage.@  To the contrary, money was to be disbursed
periodically for Norwest=s protection.  Moreover, the requirement that the borrower
and the builder both sign a request for an advance of funds was not for the
purpose of obtaining their consent for a disbursement, but to be Aa representation and warranty@ by the Swansons
and Woodcraft Athat, as of the date of such
request, no default exist[ed] in the terms of the Contract or the building
contract between Borrower and Builder.@  Second, the loan agreement expressly provides
that the ABuilder alone shall be
answerable for any loss or damage caused by the Builder, Builder=s subcontractors, agents or
employees.@  Finally, the contract states the lender Aassumes no responsibility for
the completion@ of the improvements and shall
not Abe liable for any acts or
omissions, other than intentional misconduct, in the advancement of funds.@

The alleged Adamage@ to the Swanson=s, i.e., lack of
leverage, was not a foreseeable consequence of Norwest=s purported breach of the loan
agreement.  Accordingly, the Swanson=s first and second issues are
overruled, and the judgment of the trial court is affirmed.

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed December 16, 2003.

Panel
consists of Justices Yates, Hudson, and Frost.











[1]  The Swansons did not sue Woodcraft.  In their appellate brief, they state A[t]he builder is nowhere to be found.@





[2]  The Swansons also brought a claim for fraud against Norwest,
but have not appealed the granting of summary judgment on that claim.